IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

      Plaintiff,                      No. CIV S-03-2579 LKK JFM P

    vs.

M. JIMINEZ, et al.,

      Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth Amendment by failing to protect him from harm in connection with a riot on a yard at High Desert State Prison on June 17, 2003. This matter is before the court on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.

        SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On May 19, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

ANALYSIS

I. Facts[1]

At approximately 9:30 a.m. on June 17, 2003, while inmates were being released to a yard at High Desert State Prison an inmate approached defendant Correctional Officer Zills and gave him an inmate manufactured weapon. (Declaration of P. Zills in Support of Defendants' Motion for Summary Judgment, filed September 21, 2005, at ¶ 3; Complaint, filed December 16, 2003, at 3[2].) The inmate told defendant Zills that white inmates were planning to attack black inmates with weapons. (Zills Declaration at ¶ 6; Complaint at 3.) Defendant Zills immediately radioed defendant Sergeant Jiminez, who "arrived within 60 seconds." (Zills Declaration, at ¶¶ 5,7.) Defendant Zills "informed [defendant Jiminez] of the situation." (Id. at 7.) Defendant Jiminez radioed two other sergeants to report to the yard "as back up." (Declaration of M. Jiminez in Support of Defendants' Motion for Summary Judgment, filed September 21, 2005, at ¶ 5.)

Somewhere between 9:33 and 9:37 a.m., a group of white inmates attacked a group of black inmates on the yard. (Zills Declaration at ¶ 9; Jiminez Declaration at ¶¶ 5-6; Complaint at 3.) The white inmates refused to comply with Zills' and Jiminez's orders to get down. (Zills Declaration at ¶ 9; Jiminez Declaration at ¶¶ 7, 9; Complaint at 4.) During the fight, which lasted approximately five minutes, plaintiff suffered an injury in his forearm that required stitches. (Jiminez Declaration at ¶ 15; Complaint, at 4.)

/////
/////
/////

---

[1] All facts are undisputed unless specifically noted otherwise.

[2] The first three pages of the complaint are enumerated "6", "7", and "8", respectively. The complaint has more than three pages and the court will therefore refer to the pages of the complaint in their actual numeric order and not with the page numbers typed on the bottom of the first three pages.

II. Defendants' Motion

    A. Failure to Protect

Plaintiff claims that defendants Zills and Jiminez violated his rights under the Eighth Amendment by failing to protect him from a known risk of harm from the riot. Defendants contend that they are entitled to summary judgment because there is no evidence that they knew plaintiff faced a serious risk of harm or that they were deliberately indifferent to any known risk from the information they received about the riot.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An Eighth Amendment claim for failure to protect an inmate from violence has two elements: first, that an inmate was incarcerated under conditions posing a "substantial risk of serious harm," and second that a prison official displayed "deliberate indifference" to that risk. Id. at 834. A prison official displays deliberate indifference to an inmate's safety when the official "knows of and disregards an excessive risk" to the inmate's safety. Id. at 837.

There is no evidence in the record before this court to suggest that either defendant Zills' or defendant Jiminez's response to the events on the morning of June 17, 2003 was one of deliberate indifference to plaintiff's safety. The undisputed evidence of record shows that neither defendant had any information about the riot until three to seven minutes before it started, and all of the events at bar took place within a period of approximately eight to thirteen minutes. Both defendants responded promptly to the information they had and to events as the riot broke out in an effort to quell the uprising. During that time, defendant Zills secured the weapon and called for assistance, defendant Jiminez also called for back up assistance, and both defendants took immediate steps to stop the attack as soon as it commenced.

/////

Plaintiff's sole contention in opposition to the summary judgment motion is that defendants failed to press their "institutional alarm" which "would have secured the yard and the inmates there." (Plaintiff's Objection to Defendants Motion and Motion for Summary Judgment, filed November 14, 2005.) Plaintiff contends this failure shows that defendants did not respond reasonably to the known risk of harm to inmates from the impending riot. Plaintiff's contention is insufficient to defeat summary judgment. In order to survive this summary judgment motion, plaintiff must ""put forward specific, nonconclusory factual allegations" that establish improper motive.'" Jeffers v. Gomez, 267 F.3d 895, 907 (9th Cir. 2001) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (in turn quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)). Plaintiff's contentions do not meet that burden.

For the foregoing reasons, defendants are entitled to summary judgment on the merits of plaintiff's Eighth Amendment claim.[3]

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' September 21, 2005 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

---

[3] Defendants also contend they are entitled to qualified immunity from liability. The first step of the qualified immunity analysis rests on a determination whether there has been a violation of the plaintiff's constitutional rights. See Saucier v. Katz, 533 U.S. 194, 201 (2001). Only when there has been a violation of constitutional rights is the court required to go to the next step of the qualified immunity analysis. See Way v. County of Ventura, _ F.3d _, 2006 WL 1028835, slip op. at 2 (9th Cir. Apr. 20, 2006). Here, the undisputed evidence shows neither defendant violated plaintiff's constitutional rights. A fortiori, defendants are not liable to plaintiff for any alleged injuries from the events at bar.

1 | failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: June 6, 2006.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
john2579.msj